Who are on the first case roll call, first case? Colleen Watkins v. Ingalls Memorial Hospital Alright, can I have the attorney's refresh please? Counselor for the plaintiff? Good morning Your Honor, Kevin Lee. I'm on behalf of the plaintiff's defense. Good morning Ms. Shirley, how are you? Okay, why don't we start with our first defendant? Good morning Your Honor, Karen DeGrande for Ingalls Memorial Hospital and Ingalls Health System. Good morning, I'm Scott Howey on behalf of Defendants South Suburban Neurology and Dr. Marvin Zelkowicz. Good morning, I'm Taylor Norah on behalf of Dr. Seth Mazier and Larry Fox for PD. Alright, for the defense, normally we do 15 minutes each side. Do you want, I was thinking 10 minutes each for each of you? Is that sufficient or did you want to allocate your time differently? I think if I could speak for the three of us, 10 minutes for myself and for Mr. Graham I think would be fine. Norah I think would just like a few moments to speak after us if necessary. Alright, that's fine. And Mr. Lee, do you want to reserve time for rebuttal? Yes, I do. How long? Five minutes. Okay, great. Alright, Mr. Lee you can proceed. Thank you. May it please the court. The injured party in this case is Janice Ford, a brain damaged disabled person. She was adjudicated a disabled person in 2015 and the trial court in this case in its ruling on the defendant's motions to dismiss initially found in its ruling that... Mr. Lee, I'm sorry I'm getting old. I can't hear you very well. Could you please keep your voice up? We have microphones that are just recording devices. I will. And the trial court in its ruling made a finding that there was a question of fact as to whether Janice Ford had been legally disabled from the time her cause of action accrued in September of 2008. If an incompetent person hires a lawyer and files a lawsuit, does that involve a bullet lawsuit for its inception? Well, not necessarily. But the question in this case is whether a legally disabled person who by definition is entirely without understanding or capacity to communicate or make decisions on her own behalf. Do we have any findings of that? Is there anything to establish that in the record? Yes, there's plenty of evidence to establish that she was legally disabled. Now, in terms of the definition, I'm just providing the court with the definition of legal disability. That is the definition. And we're really having a hard time, Mr. Lee, if you can... I'm sorry. I will try again. As I say, that's the legal definition of legal disability. Now, the evidence in the case, of course, is there's a lot of evidence in the case of her brain damage. She was diagnosed with Wernicke's encephalopathy, which is brain damage. There was a treating doctor's letter, the doctor who treated her at Rush, where the diagnosis was made indicating that she was unresponsive at the time and she had a poor prognosis. Shortly after the hospitalization, Johnny Watkins, the mother of Johnny's Ford, had been appointed guardian of all five of Johnny's Ford's children. The 2010 pleading itself, which is, according to the trial court, the place to start the analysis here. Now, I'll talk about that pleading in a few minutes. That has allegations in it regarding her being unable to take care of herself, needing help, and being bedridden. Also has information, of course, regarding the diagnosis of Wernicke's encephalopathy. We also have Dr. Rieger's 2011 letter describing what he calls the chronicity of Johnny's Ford's disease process. It indicates in that letter that she has had long-standing cognitive... So based on all of that, Mr. Lee, it's clear that she didn't have the capacity to go out and hire a lawyer in 2010, correct? Would you agree with me on that? That's an argument we make, certainly. Okay. So she didn't have the capacity to hire a lawyer in 2010. Somebody is giving someone some information. It is not coincidental that the complaint in 2010 was filed just days before the two-year statute of limitations would expire. Is that correct? That's correct. Okay. So then within a month, they dismiss that complaint. So that brings them under 217 and buys them another year, in effect, right? Well, no. It buys them the remaining period of limitations for legal disability. It's whichever is longer, the statute of limitations or the one year. Right. And in this case, with a finding of legal disability, it would be the remaining period of limitations. So do you want the 2015 finding of disability to relate back to 2010? No. We want the findings of the trial court with respect to the 2008 as being the starting point of the legal disability to relate to the 2010 complaint. Okay. Is the 2010 lawsuit, did that invoke 13217? As I understand your argument, when we're counting the number of filings of complaints here, we shouldn't be counting 2010. Is that what you're saying or am I mishearing? What I'm saying is that when the trial court found that Johnny's court was legal, or that there was a question of fact regarding her being legally disabled from 2008 forward, that raised the question as to whether there was any authorization to file the 2008 lawsuit. Let's say for purposes of argument, she was incompetent. If an incompetent person, not doing all the things the way it's supposed to be done, getting a guardian, but if an incompetent person is a named plaintiff in a personal injury case, is that a valid lawsuit? Is that a null and void lawsuit? I believe it's a null lawsuit because she would have to choose the attorney to represent her and she would have to make the decision to file the lawsuit. Is there a law that says that? Is there a decision that has said that? Once again, I'm dealing with the definition of legal disability. I understand, but is there a case that says if an incompetent person hires a lawyer and files a suit, that case should not be recognized as a lawsuit? Actually, the estate of Rhea involved such a factual situation. In the estate of Rhea, the... But that was a tolling case, right? That was about the tolling of a statute. That was a tolling case, but also it looked back to whether at the moment that she filed the initial complaint, which she filed and was filed in her name, whether she was legally disabled at that point. So there was a look back at that point. And what did they say about that? They said about that that because in that case the trial court misunderstood the law, thinking that he needed a legal adjudication, that the court in that case indicated that there were sufficient allegations of legal disability, but the matter should go back to the trial court because the trial court didn't recognize that you don't need an adjudication of legal disability. But your position is the 2014 filing was equally deficient because she was not... there wasn't a guardian appointed until 2015, right? My position regarding the 2014 pleading is that Johnny Watkins, whose name the complaint was filed, had not been appointed Johnny Ford's guardian, so therefore she was filing in her individual name. And an adult cannot... I mean, I'm sorry, a parent of an adult child doesn't have authority to file on behalf of the adult child. Isn't that a technical defect, as Judge Flanagan found, that that's something that's amended every single day over on the 22nd floor? Well, you know, the problem with the technical defect argument, of course, is there was absolutely nothing pending in the probate court at that point. You can go in on an emergency motion and probate and get your guardianship letters. That's not a... it doesn't take very long. You can do it within a week, 10 days. No, you definitely cannot do it within a week or 10 days, certainly not in Judge Quinn's courtroom. In Judge Quinn's courtroom, which is where this matter was, there's an established procedure for it. You file a petition, then you get a court date, and the matter is assigned to a guardian ad litem. The guardian ad litem has to do an investigation. While this is going on, the alleged disabled person needs to be examined by a physician who issues a report. And then after the guardian ad litem completes her evaluation and after this physician's report is submitted to the court, then Judge Quinn conducts a hearing. Now, the hearing is certainly nothing like... None of these things occurred in 2014 because the action was removed. Is that correct? None of these things occurred. I don't know if that's the reason why this didn't occur. The reason it didn't occur was because it was gone. It was gone, right. It went to the federal court in October of 2014. I believe that the petition was first filed in probate court in December of 2014. But Ingalls was not subject to the removal, were they? I mean, so the federal court goes ahead and dismisses the action from 2014. Well, isn't Ingalls still a viable defendant? I believe the whole case went up. And the question... It was affirmed. No, the case, I believe, the whole case, the case against Ingalls, the two Ingalls entities, and Dr. Parks Ballard went to federal court. I believe the whole case was removed, if I'm not mistaken. No, I think that's how it works. But if the federal defendant was taken out of the case, why wasn't it remanded to the state court? Or why didn't the plaintiff take steps to remand it and refile it? That's the question. I don't have the answer to that question. But that's a pretty important factor, isn't it? I mean, that's your lawsuit there. It's in federal court that they combat the state court, and you're back in the game. But, again, if we're back in state court, Your Honor, we're back in state court with a plaintiff who is not authorized to file a lawsuit on behalf of the disabled person. You still need a party who is authorized to bring an action on behalf of the disabled person to proceed in trial court. Certainly, but, I mean, you can't do that unless you're back in trial court first. What did happen to the state? There was no attempt by the plaintiff to get the state law claims that were no longer, you know, pending state law claims. That was the only thing in the case. I see nothing in the record to explain that, Your Honor. There's absolutely nothing in the record. As to the 2014 complaint, our argument, of course, is, as I've just stated, no authorization to sue on behalf of the disabled person. Plus, 13-217 gives, specifically, gives to the plaintiff, her heirs, her executors, or her administrators the right to file a new action. But getting back to Justice Berg's point, in 2014, I do see a difference between 2010 and 2014. 2010, there was no attempt to claim anyone was a guardian, right? It was just the young woman filing the lawsuit on her own, whether she had the authority to do that or not. In 2014, there was at least a claim that someone was proceeding as the guardian, right? They weren't. So, a defect, no question. But a defect of such a nature that we have to declare that whole lawsuit a nullity, that we have to say, in considering how many times this has been filed, that one doesn't even count? Well? I mean, what authority is there to say that a technical defect in a lawsuit is such that it renders it as null? We're not even going to count that among our number of refilings. Again, I do disagree with the description of it as a technical defect. It's a very substantial defect. Okay, well, I'm sorry, I'll take the word technical away, but is there any case law suggesting that if there is a defect in the lawsuit in how the plaintiff is prosecuting the case, that that means we don't count that lawsuit at all? Well, I think the question there is, is the disabled person properly involved in that case? And if the disabled person is not properly involved in this case because of either a defect or because of, you know, however we wish to describe it, the question is, should that disabled person be penalized? So you would say in both instances, even though they were filed slightly differently, we were still back to the same question. We have a disabled person incompetent to assert her own rights, and therefore we should not be counting either of those lawsuits. I'm saying you shouldn't, yeah, definitely I'm saying you shouldn't count the 2010 lawsuit and the 2014 lawsuit. What about the 2015? The 2015 is, then we're dealing with a different issue, and that issue is, is this a new action within the meaning of that term within Section 13-217? And the Flynn line of cases indicates that it's not, and the reason that it's not is because the identity of the defendant is an essential element of a claim under 13-217. The identity of the defendant in the 2015 action is the United States of America, based on the conduct of Dr. Parks Geller, who was an employee of Family Christian Health Center. So we've got a completely different defendant. Well, that's just because you didn't sue the other people. I mean, that was just a choice the plaintiff made. I'm not sure why that choice was made, but, I mean, you could have sued Ingalls, you could have sued Doctors... It's the same... Zelkovic, South Suburban, it was the same operative facts, right? It was the same alleged malpractice. Same operative facts, different parties. But, I mean... Very significant. But it relates to, it concerns things that were filed and could have been filed, right? I mean, you don't get to just say, well, we left out Dr. Zelkovic, so this one doesn't count as to him. But it also, res judicata, also requires the same parties. And I think that's the significant difference between the situation you're describing and what I'm describing. So under that theory, you could slow Maloon up and file a complaint against some defendants, and if that didn't work, then you could fix whatever you did wrong in that one and sue again. And res judicata wouldn't apply. Because it's not the same parties. So, therefore, go ahead. You know, we were sort of forced into the federal court by the removal of the 2014 pleading. I think that's why we're in federal court. And when we filed in federal court, we filed against the only party we could have filed against, the United States of America. You could have brought state law claims in federal court. You could have brought all those same malpractice claims and handed them to the federal case, right? They could have been filed, yes. Mr. Lee, is there anything that should give us pause concerning the lawyers are the same in the 2014 filing, which you're claiming was nullity and defective, and in 2016? In terms of my argument with respect to this appeal, no. But wouldn't that encourage plaintiff's attorneys to do things slip, shod, and run and then be able to fix it and file again? But I think that what the court has to answer the question, does that encourage something like that? I'm sure that people will not continue to do something like that on the basis of the law. Well, they will continue to do something like that if we give them the go-ahead. But again, the question is, should the disabled person who was not represented by a party authorized to represent her in the 2014 pleading, should she be penalized by that? Okay, if the mother was not authorized to represent her in 2014, and the attorneys that represented her in 2016 made that representation that she was, doesn't that give us pause on what we can sanction and what we can't? Well, there's a factual difference at that point. At that point in 2016, she was the guardian. She was the court-appointed guardian of the estate of Johnny's Ford. That's the distinction. In 2016, I don't believe that they represented anything other than that in the 2016 pleading, that Johnny's Ford is the guardian of the estate of Johnny's Ford, a disabled person. And that was an accurate statement at that point. In 2014, it was not an accurate statement. And Swipshod, there's nothing in the record to indicate that certainly it was intentional. There's nothing in the record to indicate it wasn't. No, there isn't. But on the other hand, if you're suggesting that it was intentional, there should be some support, I think, that this was intentional. There was a mistake. I think it was a mistake that was made. And the question again is, should the disabled person suffer as a result of that mistake when she isn't represented in that action? Can the actions of an attorney in a prior filing where the attorneys are not representing a party, can those actions impact the person in the 2016 filing's right to file her lawsuit? I don't see any basis for saying something like that. Because, again, mistakes, Swipshod, however you want to describe it, in 2014, Johnny Watkins could be nothing more than an individual at that point. She was not a court-appointed guardian. She was an individual, and as an individual, as a parent of an adult child, she could not represent her daughter in that lawsuit. So that's basically the distinction. Did you argue in the circuit court that the 2010 lawsuit was ineligible? No, no, no, no. We did not. Why isn't that forfeiture? It wasn't raised before the trial court. However, the question of Johnny's legal disability was raised in the trial court. Sure. And I think when the trial court found that there was a question of fact as to her legal disability, that raised the question, at least in my mind as an appellate attorney, raised a question in my mind, how could somebody have filed a lawsuit when they're entirely without capacity and understanding to communicate or make decisions on their behalf? How could that happen? But in answer to your question, it was not raised as a question in the trial court. Should the court consider it? Well, you know, we know that the forfeiture rule or the waiver rule is a limitation on the parties, not the court. Should the court consider it here? Well, I think in the interest of justice, I think the court should consider it. And also this court has a special duty to protect the rights of the incompetent. I think that would be another reason for the court to consider it. Can I just ask you one more time to make sure that I understand your position? You're not aware of any decision that has said that when an incompetent person files a lawsuit, that that lawsuit should not be considered a valid lawsuit for the purposes. I know we told the limitations, but I'm not talking about told. I'm talking about does it count? Is it one of the numbers when you're counting up how many times the person's refiled for 13-217 or in any other context that it's not void ad initio lawsuit? There may not be one. That's okay if there isn't. But you haven't cited any, have you? No, I have not cited any case with respect to that. But even if we do count that as a lawsuit that was filed in her name, we're still left with the problems with respect to the 2014 pleading not being a proper refiling, not being a refiling under 13-217, nor is the 2015 filing a refiling under 13-217. So even if that's the case. Thank you, Mr. Grant. Mr. Grant? You're confusing me. You're confusing me. And then you get a last. Great. All right. Thank you, Mr. House. We'll go right ahead. Thank you. May it please the Court. There is no authority holding that a lawsuit filed by an incompetent person is null and void. In fact, the plaintiff's argument depends upon pretending that the 2010 complaint in this case, relevant to this case, was never filed and didn't even exist. There's no authority for that proposition. And not only that, there's no logical reason for that proposition. And more importantly still, there's no basis for this Court, and it would be a bad idea for this Court to adopt that notion as precedent. Mr. Howard, how can we reconcile the Court saying that there's a question of fact with regard and a question of fact sufficient to preclude statutory limitations or statutory repose as arguments being applied to this to preclude there will be filing, but it doesn't apply to 2017? Well, Your Honor, the Court is certainly well aware that it can affirm the judgment in this case on any basis, whether or not the Circuit Court adopted that basis or even if the basis for the Court's decision was wrong. With all respect to Judge Flanagan below, she was mistaken to find the question of fact as to legal disability in this case. This is not a question about a degree of legal disability in this case. It's not a question about whether the injured party, Ms. Ford, was so incompetent or so impaired that she should be excused from the requirement of filing a cause of action within two years of its approval. That question would be entirely out of place in this case where Ms. Ford did in fact file a cause of action, a legally valid cause of action to all appearances and according to all the evidence that's contained in the record. So to talk about the question of legal disability in this case is to overlook the very purpose and meaning of that exception to the statute of limitations. Why do we hold the statute of limitations for incompetence? Because there are certain incompetent people, and not just incompetence, but other forms of legal disability that prevent a party from being able to engage the legal system on his or her behalf. That's the purpose of legal disability, and it's important to recognize that as its role within the statutory scheme. It's part of the statute of limitations. It's an exception, a narrow exception, applied to those parties who need it. Those parties who can't, for some reason, can't engage the legal system on their behalf. Traditionally, minority, and in some cases still today, minority has been a legal disability because it disabled a person from being able to use the legal system. Traditionally, incarceration or sometimes overseas postings in the military would count as disabilities. But if those disabled individuals did in fact file a lawsuit, they did somehow, for whatever reason, through the help of somebody else, did engage, what happens to that lawsuit? That lawsuit is perfectly valid, and there is no authority or any reason to suggest that it shouldn't be. In this instance, the plaintiff has made the suggestion, what if they filed a pro se? If a person files a... The relevant point, Your Honor, is that the filing of a complaint, whether it's pro se or through an attorney, the filing of a complaint demonstrates legal capability. It's utterly at odds with the concepts of legal disability. Certainly it's at odds with the purpose of the legal disability exception to the statute of limitations. It's a narrowly defined legislative, an act of legislative grace that... How does it show legal... I'm sorry. No, you go ahead. How does it show legal capability? I mean, the lawyer is legally capable. And that's the case in any situation, regardless of what the physical or mental characteristics of the actual party in interest. In fact, I venture to say that there are very few persons who could actually file a complaint on their own behalf in the circuit court of pro se. So if the legally disabled person hires a lawyer, does the defendant have any basis for dismissing that lawsuit because that person is unable to... is incompetent? The short answer to your question is no, Your Honor. But I would also qualify that by suggesting that there's a contradiction in terms in the premise of your question, that a person who does have the capacity to engage legal counsel, perhaps with the help of parents or friends or others, but someone who does engage legal counsel and is able to file a complaint through counsel or pro se, is a person who, by definition, is not legally disabled. Regardless of what the degree of the physical or mental impairment might be... But don't we require guardians in the law? We do in some instances. Why don't we do that then? Well, Your Honor, that's not yet an issue. Someone who hires a lawyer is legally able, you know, whatever we want to say. Then why do we need to have a guardian? Why do we require a guardian? Guardianship is, if I may, it's something that is related to the question of legal capability, or I'm sorry, not legal capability specifically. It's more geared toward the issues of physical or mental competence. There are several cases, of course, that speak to the difference between legal disability and actual adjudication of physical or mental impairment. And one is not necessarily synonymous with the other. But the question of being able to engage the legal system on some level, whether through one's own pro se filing or through the engagement of counsel, perhaps with the assistance of others, that is a legal capability that is at odds with the question of legal disability. Every decision that has interpreted the question of legal disability has considered a plaintiff who did not file a cause of action. And those courts, therefore, have been charged with the sometimes difficult question of determining whether someone who did not file an action was nonetheless legally capable of doing so. And that's not this case. This court has a much easier question, a legal question, of whether a person who actually did file a cause of action was capable of filing a cause of action. Now that seems like a tautology, and I think it is, that a person who actually does have the capacity and demonstrates the capacity to file a cause of action by doing so does not fit the definition, let alone the purpose or intention, of the legal disability exception to the statute of limitations. So it's your position that Judge Flanagan erred in finding that there's a question of fact with regard to the statute of limitations and the statute of repulse. But you're with her on the 217 ISO. That's correct, Your Honor. As to the question of whether she erred, I think that we disagree. I think that that portion of her order can reasonably be regarded as dictum because it doesn't go directly to her reason for eventually entering judgment. But certainly given that she was considering the question of how disabled Ms. Ford might have been and what the evidence was of what her impairments might have been, those are questions that are set aside by the filing of the cause of action. So your position is that any time somebody actually files a cause of action, they do not fit within a legal disability provision? That's correct. Because that is what the meaning of disability is. It's easy to conflate the concept of a disability as we think about it in ordinary life, someone being physically or mentally disabled. But being legally disabled, being disabled from the use of the court system, is the purpose of that exception to the statute of limitations. Are there any cases that find that specific definition, that the mere act of filing a lawsuit negates any allegation of legal incapacity or legal inability? If there is one specific one, I'm not aware of it, Your Honor. But the fact that the cases have so consistently discussed access to the court system and the ability to pursue one's legal rights frequently and typically through counsel, but nonetheless pursuing one's legal rights in some fashion, is inconsistent with the concept of legal disability. And it's important to recognize the significance that the plaintiff has placed on the 2010 complaint. I've got to take you back to this guardian question. Why do we require guardians? Guardians are required for a number of reasons. There are certain things that certain individuals are unable to do. And whether it's filing a lawsuit or feeding themselves and cleaning themselves. So there are various reasons that guardians are required to pursue a person's, an impaired or incompetent person's place in the world.  That is not required for a lawsuit, as the filing in this case demonstrates. If this case had gone further along in the process and we had gotten into the meat of discovery and interrogatories had to be answered, depositions had to be taken, is your position the same that a guardian would not be required? It would. It would be. It is the filing of the complaint, so long as it is a valid complaint. The plaintiff attempts to challenge the validity of the complaint through his client's impairment. And in that sense is at pains to try to distance Ms. Ford from the 2010 complaint and distance herself from it to announce that complaint and contend, as he has this morning, that it's null and void because of the individual's impairment. And it's possible, Your Honor, that if this case had proceeded and if the plaintiff had not raised the question of the validity of the 2010 complaint, that there might have been some discovery into the question that he wants to bring before this Court to suggest that the 2010 complaint might not have been filed with, might not have actually been filed by Ms. Ford. That's an issue that, while counsel this morning has suggested that it simply wasn't raised in the trial court, in fact it was raised and it wasn't just brokered, it was waived by the plaintiff's own response to the motion to dismiss. It's not simply that the argument wasn't raised about whether the 2010 complaint was valid or not. The plaintiff conceded that the 2010 complaint was attributable to Ms. Ford. And that obviated the entire legal question, the entire factual inquiry that might have been pursued instead about whether the attorney was authorized to represent her. Without any further evidence on that, and the plaintiff has presented no evidence on that point, either in the state court or in the federal court, something that the federal appeals court recognized in this decision, no evidence whatsoever that the attorney who represented, purported to represent Ms. Ford in the 2010 complaint was not fully authorized to do so. That's important because of the legal presumption that exists in the state of Illinois, that a complaint filed on behalf of an individual is filed by an attorney who represents that party. That's a legal presumption, and the plaintiff has presented no evidence whatsoever to rebut that presumption. Apart from the notion that a complaint filed by a person who is mentally impaired in some fashion is null and void ab initio. And there's simply no evidence to support that and no authority in the law to suggest that the 2010 complaint must be treated as if it never even existed for that reason. The statutory scheme bears out the principle that filing a timely complaint is proof of legal capability and is inconsistent with the concept of legal disability. It is an exception to statutory limitations for medical malpractice actions, and it excuses a failure to file within the limitations period. But it depends upon the lack of legal capability to do so. The filing of a 2010 complaint in this case demonstrated a legal capability that is utterly at odds and inconsistent with the very notion of legal disability. What's even more significant is that even the evidence the plaintiff has offered to suggest that Ford was legally disabled in 2008 falls well short of the standard necessary to do so. She offers a series of letters that glancingly mention the issue of Ford's mental capacity or cognitive difficulties, but don't support the notion that she was entirely without the ability to manage her own affairs or that she was totally unable to communicate her desires. Most of those letters lack any sort of reference to the time element of when that alleged impairment was in existence. At least one of them clearly limited itself to what Ford's condition was in 2011, well after the statute of limitations expired. Even on the next, those letters don't describe a person who is entirely without capacity to file a complaint on her own behalf, or at least to pursue counsel who would do that on her behalf. Those letters describe exactly what the record reflects. A person who was able to get a complaint on file days before the statute of limitations was to expire, as Your Honor recognized. Someone who was able, in some fashion, with the assistance of legal counsel, to engage the legal system on her own behalf. To be a part of that legal system. To be capable to use that legal system in a way that, again, is at odds with the concept of legal disability. Not filing a timely complaint doesn't necessarily prove legal disability, but filing one refutes it. And that's the question we would ask this Court to answer in favor of the defendants in this case, with respect to the defendants who were part of that 2010 complaint, and who asked this Court to recognize that by filing that complaint, Ms. Ford proved herself to be within the definition, the purpose and intent the legislature had in enacting both the statute of limitations and a narrow exception that does not apply to her. And so for those reasons, we would ask the Court to affirm the judgment in favor of the defendants. Thank you, Mr. Howard. Mr. Grant? Good morning again, Your Honors. And again, Karen DeGran for the English Defendant. May it please the Court, Counsel, I'll begin by answering a few questions that the Court raised when questioning Mr. Lee about the progression, just to clarify. During the 2014 case that was removed, it was never remanded, and there's nothing in the record to suggest that the plaintiff asked the Court to remand the English defendant back to the state court. And also, during the pendency of that case, which was dismissed for failure to exhaust administrative remedies, during the pendency of that, Ms. Watkins did obtain the guardianship appointment in the state court. So apparently that is possible to do, because that case was dismissed at the end of January 15, and the guardianship was obtained, the appointment was obtained January 14, 2015. So just to clear that issue up, and it is the two- The guardianship happened just as the federal district court was discussing the lawsuit? That's what the timing says, Your Honor. Was the guardianship under the 2014 original filing? I know we're getting in the weeds right now, but what's the mechanism that they're using to get a guardianship if the case was never removed to federal court? I don't know what the pleading looked like, Your Honor. I'm going on the date that the plaintiff provided, and I believe that the guardianship appointment is actually in the record as well. But that is the date that the plaintiff stated in the briefs was the date of appointment. And then, as the court is aware, the subsequent 2015 case was filed in federal court, and that went up to the Seventh Circuit. And also, I'd like to adopt the arguments in the brief that my co-descendants have filed, and I'm not going to reiterate the arguments that Mr. Howley has presented to the court today. I will say that just looking at the big picture of this case, the plaintiff's argument is of aggression not just of refilings, but of recanting her positions, and the first, of course, is the validity of the 2010 complaint, which the court has discussed. And Mr. Howley also mentioned that that issue was admitted by the plaintiff in the course of briefing, and that admission has never been addressed in the briefs that we filed in this case, so I don't know what the plaintiff's position is on that. But it certainly is clear from the record that there is nothing other than speculation on the subject of what was going on between the attorney and Ms. Watkins. And, of course, that specific issue wasn't raised in this court. The plaintiff has said in the briefs, and also I think in arguing today, that the issue of attorney authority was not right until Judge Flanagan entered her order. I don't know how that can be true when that same exact issue was raised in the 2015 federal court action, and it was extensively discussed by the Seventh Circuit and rejected. The concept of the attorney not having the authority or it not being a valid finding or a valid action filed based on the allegation of a disability, so it was thought to be right somehow in the federal case, and that also goes to the issue of this was an intentional decision not to raise it before Judge Flanagan. And let's say for devil's advocate that there was something specific about this case where it quote-unquote wasn't right until Judge Flanagan came out with her order. The case wasn't over then. There was no 3A or 4A language. Engel's motion for sanctions still was pending. So the plaintiff had several options. If that's what made it right, the plaintiff could have come into motion to reconsider. The plaintiff actually did file another pleading before Judge Flanagan at the end of January of 17 after the court had dismissed the case in November of 16, and at that time that was the end of the briefing on the sanctions issue. So there were plenty of opportunities, and there's no question that it could have, and if it was a valid issue, should have been brought to Judge Flanagan's attention. But as I mentioned, the Seventh Circuit addressed this very issue in upholding the dismissal of the 2015 action, which I don't think there's any dispute there in the world, it's the same medical situation, the same transaction. And it's our position that in addition to our other arguments, Calamity or Sackle should put an end to re-litigating whether the 2010 lawsuit could or should be attributed to Ms. Ford. In challenging the district court's decision to find that the case was time-barred, the court took judicial notice of the 2010 filing, and then Ms. Watkins made almost the exact same argument about that 2010 filing, and about that relationship, I shouldn't say almost, it was the same argument, that relationship between Ms. Ford and her attorney. And it seems to me that it's the same sort of speculation that was presented to the Seventh Circuit that was presented to this court now. And the Seventh Circuit rejected that speculation. Ms. Watkins, according to the Seventh Circuit, said, has never come to us with any evidence that there is something that wasn't right about this relationship, that there could be an attorney affidavit, for example, I never spoke to her, I spoke to whoever else, or maybe if there was some sort of an ethical comment saying it was an ethical problem. There's no evidence of an ethical problem. But the Seventh Circuit said, there's nothing here, there's nothing for us to go on. So, that was the basis for the Seventh Circuit to hold. The 2010 complaint, and I'm quoting, was Ford as plaintiff, cannot be attacked on the basis that Ford legally could act only to regard them. That's exactly our issue on the 2010 complaint. So, this was, the way that the plaintiffs addressed this in the reply was, there's a finality problem, that the Seventh Circuit didn't come out with its decision so that it could be raised in the trial court in this case. Well, the Seventh Circuit decided, released its decision on April 27, 2017, and that was before Ms. Watkins asserted the 2010 Melody argument for the first time. So, there's a little bit of a timing disconnect there. But this is a judicial economy issue. There is authority that says, and I'll cite it to the court, since this was raised by plaintiffs in the reply, so I'll cite this case, Peoples v. Anderson, 2013, ill at second, 12-1346, paragraph 14 says, it recognizes that if you're going to raise collateral, you should raise it in the trial court. But if it only becomes available at the appellate level, sure, it can be raised. Now, you have to meet all the requirements, obviously. But that is what we've got here. At least with regard to English. Well, and we've got it in the 2010 complaint. And anyone else, it's collateral estoppel. It doesn't have to be whoever was on the other side of it. It's just whether the plaintiff is the person or the entity or person who was asserting the position. So, and then it's also a judicial economy issue. Why would this court send the parties back down only then to raise collateral estoppel? That doesn't make any sense at all, contrary to the doctrine. The plaintiff challenged in the reply whether she had a full and fair opportunity to litigate that issue in the federal court. And I think by plaintiff's own authority cited in plaintiff's reply, she clearly did have a full and fair opportunity. Because the Fred Olson case that plaintiff cited said, if the party opposing estoppel says, well, I didn't get to present my evidence, that party must show that she bore no responsibility for the absence of evidence earlier that supposedly was crucial. Well, that's exactly what the Seventh Circuit observed. You never brought up any evidence. So, it seems to me that there was evidence, there's evidence in the record that's coming in by the Seventh Circuit about Ms. Ford's situation and medical problems and so on and so forth. There was an affidavit or the medical opinion attached to the complaint. So, certainly at a minimum, considering that the Seventh Circuit addresses the exact situation, whether the court applies collateral estoppel or whether it just finds the discussion persuasive, certainly is important. The other point that I wanted to be sure that I covered that was raised by Mr. Lee is the emphasis on, well, should the client be penalized if the lawyer said this that was wrong and did that that was wrong? Well, I'll tell you who shouldn't be penalized for it. And that's Ingalls, and that's also the co-descendants shouldn't be penalized for it. If there is a problem with what the attorneys did, and that seems to be sort of the theme of the plaintiff's presentation here, then the recourse should be against the parties who supposedly did something wrong and that is not a basis for throwing the entire statutory scheme out of whack. As far as the 2014 state court filing, it cannot be treated as a malady. There's no basis for treating it as a malady, no legal basis for it. Apart from the failure to find a new legal authority for that point, we have... Why do people rush into court to get guardianship funds if they haven't already? When you have these defects of the plaintiff's opinion? There doesn't need to be a guardianship fund yet. It's going to depend on each individual case, Your Honor. And since we have no information about what was going on between Liz Ford and her attorney, it's hard to make that comparison here. And maybe, so I'll give you one example that pops into my head right now would be somebody who is comatose. That person can't authorize somebody to file a lawsuit for them. That's what Mr. Howey said. Sure they can. Yeah, as long as they have a lawyer and the lawsuit is filed. That's what I thought was your guy's position. Well, our position is that the lawsuit is filed, but we don't know what's behind that. There has to be evidence. There's a presumption that if a lawsuit is filed that there is an attorney-client relationship and that the attorney is authorized to act. Okay, but what if, it doesn't have to be this exact case, just hypothetically, if we had someone who was comatose and then their lawsuit was filed? Now, I thought your position here was that that's not a legal disability. By definition, it can't be a legal disability because a lawsuit was filed. So you're obviously legally able. But what if it came out, okay, this person's in a coma? Well, how does the law treat that lawsuit? Do they say, yeah, let's just keep going? Or do we say, no, there has to be a guardian? And if there does have to be a guardian, does that mean that everything that happened before the guardianship appointment was null and void? I'm not sure I know the answer to this question. I'm not sure I know the answer to that question. I can answer that on this record, Your Honor, there is no basis for questioning the authority of that lawyer. None. Why not? Because the only thing that... If we agree that there's a question of fact, I know you don't, but if we agree with Judge Flanagan that there's a question of fact about the capacity, then how can we be certain that there was any ability of not Johnny Watkins, but Kenny's lawyer, to validly consent to the filing of a lawsuit, to authorize the initiation of legal action by a lawyer? By definition, legal disability is entirely without understanding or capacity. And by virtue of the fact that there was a lawsuit filed, that addresses that issue. That's clearly what you and Mr. Howard are both saying. But why has this person come at us? So we make a gradation. If they're completely comical, then obviously they can't operate. But if they're sometimes coherent, maybe they can operate. I mean, you know, we can't start talking about that. I mean, to look behind those facts, there would have to be something. And there can't be just a... So you're saying there's a presumption, and in order to rebut that presumption, they've got to bring something. They've got to have something to rebut the presumption. And by virtue of the fact that there was a lawsuit filed in Denise Ford's name that conclusively answers that question, I think it does. I mean, I suppose there's some... Even for the comicalist point. But perhaps there would be some totally unusual situation. I'm actually trying to get my arms around this legal process, because I don't have my arms around it yet, to be honest. There isn't a case that says the fact that where you have a lawsuit that is filed in someone's name, the fact that even if you have a question of fact as to that person's capacity, and Mr. Howley went into the details of why, arguably even that doesn't have a question of fact on this record. But the fact that the lawsuit is filed answers that question. And that if there was some... I suppose if there was that unusual situation... I think you're saying it presumptively answers the question. It is. Probably presumptively answers the question. And I think that that is the presumption that the court has to go on. As far as the 2014 lawsuit is concerned, there's an equitable example issue, so we'll hop on to another example. And that is that Ms. Watkins told the court, told the parties, I am the guardian and I have authority to proceed with this lawsuit on Janice Ford's behalf. And those are the exact same lawyers who, and Judge Flanagan commented on this, who represented the plaintiffs in the current case, and now are trying to disavow that. And we went through the elements of equitable estoppel. This is an equitable estoppel case. And there is no answer by the plaintiffs for why that should be excused or why that doctrine wouldn't apply here. And if this is an issue, again, of the plaintiffs' attorneys did something wrong, again, that's the party who should be answering for this. Not Ingalls. Not Ingalls' co-descendants. This was, you know, Ingalls took, there was no reason why Ingalls would question the authority of Watkins to, or rather, yes, of Watkins, I'm sorry, I don't want to mix up the names, to file the 2014 lawsuit, proceeded to descendant, spent money, spent resources, spent time. And there's no question that the plaintiffs intended Ingalls to act to their detriment on that representation. So it seems to me that both the attorneys as well as Ms. Watkins should be bound to those representations. And there's no reason to treat it as a nullity. We also have our position, the separate appeal on sanctions, and I don't think I need to belabor a position on that. I don't relish raising an issue like that in this court. I don't think I have come into this court with that kind of request in 32 years of practicing law. And to be clear, Ingalls does not seek sanctions against Ms. Watkins or Ms. Foerle or Mr. Lee. The sanctions request pertains only to the plaintiff's trial orders. And, you know, the court, of course, the logical question for me is, what is the conduct that meets this high standard for reversal? What Ingalls takes exception to is being forced to litigate this case for a third time, despite plain and well-settled prohibitions against serial findings. I think, Justice Ellis, you raised a question about, well, you know, why is there tolling, but there's not a refiling issue? Well, there's nothing in the refiling statute that says once you file, then you can look at it and retroactively excuse that. That's the case that was very clear on that. So in asking this court to disregard the 2010 complaint with this new argument, disregard the pleadings in the 2014 complaint that these very attorneys filed, these allegations that I guess we're supposed to accept now are false, and let's go back and take another stab at this. And the attorneys say nothing in the briefs to take responsibility for this conduct or much less to account for it. They just say it doesn't matter. It doesn't matter. Well, Ingalls thinks it matters and doesn't want there to be any question that there be no more lawsuits and no more recanting of positions. So that is our position. Thank you. Thank you. Ms. Moore? May it please the Court, Counsel, I'm going to adopt the argument of our clinical counsel, so as not to be redundant, but I would like to address initially the hypothetical that you posed, Justice Ellis, with regard to a patient being in a coma. And I think that case can easily be differentiated from this case because if the patient is in the coma when the complaint is filed and then that issue is raised, that can be considered affirmative evidence that that attorney-client relationship didn't exist or wasn't valid, whereas in this case there has been no affirmative evidence posed whatsoever as to why the initial attorney-client relationship between the individual and the attorney is invalid. It's just merely been a blanket argument by plaintiff's counsel and then by Mr. Lee that that relationship may not have been valid because the individual was disabled. Beyond that, I just want to address the fact that, again... Counsel, the judge thought it was sufficiently clear to find disability, or a question of fact is a disability of total statute, right? In this case, Judge Flanagan determined that there was a question of fact. But as my co-counsel has mentioned previously, and as the Seventh Circuit mentioned in their opinion, we do not believe that that needs to be addressed because it's not a question of fact in this case. It's a question of law in that she filed a complaint with an attorney in 2010 which shows that she was competent in fact, not under a legal disability to file that cause of action. Therefore, the safeguards of legal disability and tolling that statute don't come into play because she was competent to handle that. Beyond that, Your Honor, I just wanted to address the remaining two arguments in our brief with respect to, again, accepting that the 2010 action was valid, that the 2016 action was an impermissible second refiling of this case. In 2014, the plaintiff refiled the action in state court. In that case, she did not specifically name Dr. Nazir, Mr. Foster, and our co-defendants, South Suburban Neurology and Dr. Gilkwood. And plaintiff contends that because those individuals weren't named in that 2014 action, that the 2016 action was not a second refiling. That's incorrect. I think the Schroeder case is very clear on the fact that a case is considered to be a refiling of an initial action when it deals with the same set of operative facts. And there's no question that the 2016 case deals with the same set of operative facts as the 2010 case and the 2014 case dealt with. It involves the same admission to a hospital, the same allegations of negligence. And, in fact, in the 2010 action, the plaintiff specifically asserted that Dr. Nazir and Mr. Foster and Dr. Zelikowicz were actual appearance agents at Ingalls Memorial Hospital and that Ingalls Memorial Hospital was vicariously liable for their negligence. The same negligence was at issue in the 2014 case. And, again, Ingalls was alleged to be held vicariously liable for the actions of its agents and employees. Now, Dr. Nazir and Mr. Foster and Dr. Zelikowicz weren't specifically identified in that, but they certainly could have been. The plaintiff made an active decision not to, or a conscious decision not to, add those individuals specifically by name, but could still very well hold the hospital and intended to hold the hospital vicariously liable for their negligence. Counsel, Foster and Zelikowicz were sued in 2010, weren't they? They were sued in 2010, yes, Your Honor, absolutely. Nazir's first time as a defendant was the 2016 one. No, Your Honor, Nazir and Dr. were both named in the 2010 actions as well, which is important because the plaintiff tried to use the cases of Flynn and John Stafford Enterprises and Hendricks where the court raises the importance of specifically what parties were named in determining whether an action was resiled. But, again, those cases can be easily differentiated from this case because the individuals named in the 2016 case, Dr. Nazir, Mr. Foster, and Dr. Zelikowicz, weren't named in that original 2010 action. When the cases that I cited in the plaintiff's case, the individuals moving to dismiss the case on the basis of a third filing or impermissible second refiling of the case were not actually named in the initial action for whatever reason. In some cases, at least one case, because the plaintiff didn't know of their existence or involvement. In this case, the plaintiff and their attorneys were clearly aware of the involvement and existence of Dr. Nazir, Dr. Zelikowicz, and Mr. Foster because they were identified and named in that first action. So the 2016 action would clearly be a second impermissible refiling of that original 2010 action against those three medical providers in South Suburban Neurology. Further, even if you don't follow that one for reasoning, the 2016 action would be impermissible and the dismissal is appropriate and res judicata. The plaintiff voluntarily dismissed her lawsuit in 2010. She chose not to refile that lawsuit within the one year allowed for refiling after voluntary dismissal, and at that point, that order became final and on the merits. Therefore, in 2016, when the same allegations were raised with the same parties where Dr. Nazir and Mr. Foster were included and involved in the same parties, and that order had been final, res judicata would have barred that action in its entirety at that point. What about the 2015 federal refiling? It should buy that as well for the same reason, yes, Your Honor. And for those reasons and all the reasons stated by Code of Financiers, does this Court affirm the decision of the charge against her? Thank you. Mr. Lee? You know, I forgot to say before we started that Justice Gordon will be participating in the decision. He's going to listen to the tapes, but he's going to be here. Thank you. I didn't realize that we're also addressing the sanction appeal. When I asked for five minutes, I don't think I'm going to ask for much more than the five minutes, but as long as the grant is raised. Just a few things to clarify. Judge Flanagan did not find that Johnny's court was just a little incompetent. She found a question of fact, that she was legally disabled, not just a little legally disabled. So it's not a matter of in some fashion. And that is a part of her decision in this case. What do you say to the defendant's position, which is, how can you be legally disabled in a final lawsuit? It's a contradiction in terms. That's why I raised that as an issue. How can you be legally disabled in a final lawsuit? That is an issue. Once the judge made that finding, it raises the question, how can somebody in that position have the capacity to enter into an attorney-client relationship if a person isn't legally disabled? Because the definition seems to cover pretty much everything. Entirely unable to or entirely without capacity or understanding and totally unable to manage one's affairs. What else is there? So with that, it does raise the question, how can somebody enter into an attorney-client relationship committing such a filing? So that's sort of the way I would answer it. Counsel DeGrand, Mr. DeGrand, or maybe it was Mr. Howie, talked about judicial economy. I think it was Mr. DeGrand. Judicial economy versus the rights of a legally disabled person. How should the court come out on that issue? The problem with what the attorneys did in this case, or the mistakes they made in this case. Who should be penalized in this case? The defendants or the legally disabled person? I think the answer is pretty clear. It should be the legally disabled person. In terms of, there are a lot of issues raised here. I think counsel is being unfair to Judge Flanagan when arguing that the evidence in this case supports a finding that Janice Ford was only a little incompetent. I began going over the evidence. It's in the briefs. I don't want to cover everything. But there was a lot that Judge Flanagan looked at here before she made that specific finding. Did somebody say she was a little incompetent? Pardon me? Did somebody use that phrase, a little incompetent? I don't think anybody did. If they did, I don't think that was intended. In some fashion. I don't think anybody's trying to denigrate your clients. I hope you don't think anybody is. I thought the argument though was that she did have some capacity and she was able to... I think what they're saying is, by definition, legal incapacity, legal disability, is the inability to initiate and assert your legal rights. If you filed a lawsuit, you asserted your legal rights. So you can't really say, on the one hand, I'm legally disabled. On the other hand, here's my lawsuit. I think that's their position. Okay. What do you say to that? Again, it's... It's just the definitional thing? Is that all we're getting caught up in here? Well, I think the definitional thing is important because that's the terminology that the trial court used in this case. So it is very important. There was a legal definition to the word... But when we're talking about the statute of limitations, it's because we're talking about somebody who didn't file within a required time. We're saying, well, the person is legally disabled, we're going to give them a pass because they can't be expected to assert their rights. But if they do file a lawsuit, they are asserting their rights. There's no case law that indicates that. I mean... Well, I agree with you. That's why I keep asking the same question. Is there any case law one way or the other that says if you're not legally... I want to be careful with my phrase, but, you know, capable. If you don't have legal capacity, can we... Does the law recognize a lawsuit filed without a guardian? I don't think anybody decided any case law that directly answers that question. In the case that I referred to in my opening argument, the RIA case I think is as close as I've found within the Illinois court system, state court system. Counsel argued collateral estoppel and argued equitable estoppel in this case. Collateral estoppel simply doesn't work when you compare the procedure or the proceeding that was taking place in the federal court. It was a 12B6 action, which is similar to the 2615 action here in state court. So you're not considering matters outside the record. I think it's totally unfair to use that decision in the federal district court as collateral estoppel, which is what the argument was. Also, as we pointed out, there was not finality at this point. Judge Flanagan entered, made her decision in November, and the Seventh Circuit didn't come down until April. And the Seventh Circuit was reviewing the matter that was before the federal district court, which again was a 12B6 proceeding. Also in federal court, the question of tolling is an open question as to whether a mental incapacity may toll the limitations period in the Federal Courts Claims Act. So you've got a completely different view of the law on that particular issue of tolling. In terms of equitable estoppel, again the problem is, can you equitably estop a disabled person for conduct made by an attorney who was not representing her or by a plaintiff who was not representing her and did not have the capacity to do so? So I don't believe equitable estoppel even applies to this type of situation. Again, we've got to focus on who the injured party is here and who's being represented in certain actions and who's not being represented. Trigger clearly states that you look at the parties and whether you've got the same core of operative facts if a matter arises out of the same core of operative facts. That's totally consistent with the Flynn line of cases. And the Flynn line of cases turned on the definition of the word action. And that definition included that the identity of the defendant was an essential element of a refiling under 13-217. Unless the Court has any further questions on Appeal No. 1? No. In terms of sanctions, the standard is where plaintiff's counsel made objectionably reasonable arguments based on the law and the facts. As we indicated in our brief, we based the argument on the evidence of Johnny Ford's legal disability. We based it on Section 13-212, which calls the running of the statute of limitations for legally disabled persons. We based it on the fact that Johnny Watkins had not been appointed temporary guardian until January of 2015 and the plain language of 13-217 of the Code, which seems to give to the plaintiff in meaning Johnny Ford the right to file a new action. And that wasn't done here until 2016, when a person who had been court appointed as a guardian, somebody appointed to step in for the plaintiff, filed the lawsuit. And that was the first refiling, assuming we don't consider the 2010 pleading to be a nullity. Mistakes were made in this case, but the question is whether there was an objectionably reasonable argument made by a plaintiff's counsel in this case. And I believe that there were facts and there was applicable law which made this an objectionably reasonable argument. The trial court obviously disagreed with us, but simply because the trial court finds an argument to be incorrect is no basis for the award of sanctions. So respectfully, we'd ask the court to affirm the trial court's decision denying the motion for sanctions. And returning to my first appeal, respectfully, we ask this court to reverse and revamp the trial court. Thank you, Mr. Blake. We had a group of students here watching today, so I think they're going to welcome their civil procedure exam this spring compared to this case. So we will get it ordered out as soon as possible. Thank you all. We all did an excellent job. Questions, sir?